(95 Misc. Rep. 561)

### McNAMARA v. UNITED DISTILLERS' CO., Inc.

(Supreme Court, Appellate Term, First Department. June 28, 1916.)

1. PRINCIPAL AND AGENT ⬨105(4)—POWERS OF SELLING AGENT—NOTICE.
   Where a warehouse receipt provided that no title to the whisky sold should pass until payment of the purchase price of the seller's executive offices, it constituted notice to the purchaser that the agent making the sale had no authority to collect the price in cash.

   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 301, 374; Dec. Dig. ⬨105(4).]

2. PRINCIPAL AND AGENT ⬨105(4)—POWERS—PAYMENTS.
   Implied authority of an agent to accept cash price for goods sold cannot exist where, by the instruments passing in the sale, there was express notification that he had no such authority.

   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 301, 374; Dec. Dig. ⬨105(4).]

   Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Rody McNamara against the United Distillers' Company, Incorporated. Judgment for plaintiff, and defendant appeals. Reversed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Sachs & Spitzer, of New York City (Louis Sachs, of New York City, of counsel), for appellant.

Omar Powell, of New York City, for respondent.

---

⬨For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GUY, J.   Defendant appeals from a judgment in favor of plaintiff in an action brought to recover money paid for five barrels of whisky purchased by plaintiff from an agent of the defendant, which whisky defendant subsequently refused to deliver to plaintiff.

Plaintiff's evidence established that plaintiff purchased the whisky from one Roser, an agent of the defendant, at Deadwood, S. D., receiving from said agent a duplicate copy of an order therefor, written upon a blank furnished by defendant's agent, the other duplicate copy being retained by the agent, and receiving also, at the same time, upon payment by plaintiff to said agent of the purchase price of the whisky, a warehouse certificate signed by the defendant company, which warehouse certificate contained the following clause:

"It is expressly understood that no title to the herein described whisky shall pass until the full purchase price in cash thereof or the notes given therefor at the time of maturity of each and every one of said notes shall have been paid to the undersigned at its executive offices."

[1] This certificate was offered in evidence by plaintiff, and constituted notice to plaintiff that defendant's agent had no authority to receive cash payment, and that title to the whisky would only pass to the purchaser upon payment of the purchase price in cash at the executive office of the defendant company.

[2] Subsequently plaintiff demanded delivery of the whisky from defendant, and defendant demanded payment therefor at the executive office of the defendant.   Upon being informed that plaintiff had paid defendant's agent in cash the purchase price of the whisky in Dakota, defendant repudiated such payment, and stated that said agent had no authority to receive cash payments.   Defendant, on the trial, offered further proof that Roser had no authority to receive payments in cash, but was limited in his authority to receive notes payable at the office of the company.   In view of such notice to plaintiff there is no force in the contention of the plaintiff respondent that defendant's agent Roser, having authority to convey title, had implied authority to receive cash in payment thereof.   Implied authority on the part of an agent to do a particular thing cannot exist where there is express notification that the agent has no such authority.

[3] Payment of the purchase price of the whisky in cash at the office of the company being by the very terms of the contract of sale a condition precedent to the conveyance to plaintiff of title to the whisky or a right to demand delivery of the same, and plaintiff having failed to prove the performance of such condition precedent, no cause of action was made out by plaintiff, and the defendant was entitled to a dismissal of the complaint.

Judgment must therefore be reversed, with $30 costs, and the complaint dismissed, with costs.

PHILBIN, J., concurs.

BIJUR, J.   I dissent.   In the first place, the inscription quoted in the opinion of Mr. Justice GUY is comparatively in very small type on the "warehouse receipt" of defendant, and I have grave doubt whether

the plaintiff can be chargeable as matter of law with notice thereof under familiar principles. But, assuming that he had read it, I do not agree that it constitutes notice that no title to the goods sold is passed until payment in cash *exclusively* at the office of defendant. The language, to my mind, is quite capable of the construction that no title passed until payment of the purchase price, the stress being on the fact of payment, and not that it should be made at the company's executive offices, rather than to its apparently duly authorized agent. Even, however, if the inscription, standing by itself, is not open to that doubt, it surely ceases to have the effect claimed by the defendant in view of the other facts disclosed by the evidence. Thus the salesman, Roser, delivered to plaintiff a purchase slip furnished by the defendant as part of its regular course of business. After the recital of a purchase, to be signed by the purchaser, with description of the goods and the price, it contains the significant inscription in prominent type: "Terms, Cash, $————; notes, $————; payable ————." And finally the inscription "Remarks." Under the head "Terms, Cash, $————," the salesman had written in the full price, "$150.23," and under the inscription "Remarks" he had written "Paid in full." As I understand the expression "sale for cash," it means cash paid on the delivery of something, and in this case the thing which the purchaser received was a *warehouse receipt* calling for the delivery of the goods. It is true that by a species of casuistry one might understand that the phrase "cash" meant cash to be paid on the delivery of the *barrels of whisky* under the obscure terms of the warehouse receipt; but such a construction, it seems to me, would be equivalent to providing a trap to catch a perfectly bona fide purchaser into paying twice for the same goods. I do not mean to insinuate that the defendant had any such purpose in mind, but surely in the case of a bona fide transaction a construction, so manifestly unfair to the purchaser, of papers prepared by the defendant itself, cannot be adopted.

In my opinion, the agent having been intrusted by the defendant with all the indicia of title, and with papers containing the plain intimation that the agent was authorized to receive payment in cash on defendant's behalf, the inscription on the warehouse receipt was quite insufficient to give notice to the contrary, or even to put a purchaser of reasonable intelligence on notice or inquiry.

The judgment should be affirmed.